IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DANA ROSS STEGALL,             )
                                 )
     Petitioner,          )
                                 )
vs.                       )   CIVIL ACTION 06-00761-WS-B
                                 )
BALDWIN COUNTY CORRECTIONS  )
CENTER, *et al.*,           )
                                 )
     Respondents.        )

## REPORT AND RECOMMENDATION

This action, which was filed by an Alabama prison inmate pursuant to 28 U.S.C. § 2254, has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court due to Petitioner's failure to prosecute.

Petitioner filed his petition for habeas relief on November 8, 2006 (Doc. 1) and subsequent thereto, paid the required $5.00 filing fee (Doc. 3).  In an Order dated February 6, 2008, the Court denied Petitioner's request for bond and ordered Respondents to apprise the Court of the status of Petitioner's direct appeal and of whether he had any collateral state proceedings pending.  (Doc. 13).[1]  A review of the docket reflects that the Court's February 6, 2008 Order was mailed to Petitioner at his address of record; however, on February 25, 2008, Petitioner's copy of the February 6, 2008 Order was returned to the Court with the notations "Return To

_____

[1]Respondents filed a response to the Court's February 6, 2008 Order on February 22, 2008 (Doc. 14).

Sender[;] Not At This Address" and "Not Deliverable As Addressed, Unable To Forward." (Doc. 15).   As a result, Court personnel contacted the Baldwin County Corrections Center, which is Petitioner's address of record, and were advised that Petitioner had been transferred to Fairhope City Jail.   Upon contacting the Fairhope City Jail, the Court learned that Petitioner has been released, and that he did not leave a forwarding address.   To date, Petitioner has not taken any steps to update his address with the Court, and under the circumstances, it appears that he has abandoned his claims.

Due to Petitioner's failure to prosecute this action and to keep the Court notified of his current address, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.   Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).   Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts'

2

inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); <u>Malautea v. Suzuki Motor Co.</u>, 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), <u>cert. denied</u>, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **9th** day of **June, 2008**.


    **/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
## AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
## <u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)©; *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

<u>     /s/ SONJA F. BIVINS     </u>
**UNITED STATES MAGISTRATE JUDGE**
